Filed 8/18/22  P. v. Rogers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANGELO ROGERS,<br><br>        Defendant and Appellant. | C095941<br><br>(Super. Ct. No. STK-CR-F-DV-2021-12273) |

Appointed counsel for defendant Michael Angelo Rogers filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we have found a clerical error in the abstract of judgment.  We will direct correction of that clerical error and affirm the judgment.

1

BACKGROUND

In early 2021, defendant was serving a three-year prison sentence for stalking. A correctional officer received notice defendant had violated a restraining order. Upon a search of the Department of Corrections and Rehabilitation's records, the officer found defendant had attempted to call the victim 21 times and one of those calls connected. An audiotape of that call was played for the trial court.

The officer contacted the victim. She informed the officer she was previously in an abusive relationship with defendant that had ended. She described the abuse as physical and told the officer defendant had harassed her after the relationship ended. The victim said she had received many calls from the prison and she answered the one call to tell defendant to stop contacting her. The victim reported defendant said it is "going to be all bad for her" upon his release from custody and she interpreted this as a threat. The victim told the officer she was in fear for her life from defendant. She reported defendant had previously appeared at her work with a firearm and threatened her and her family's lives. In addition to the phone calls, defendant sent numerous letters to her and her son. The letters were not threatening, but she perceived them as harassing.

The officer interviewed defendant. Defendant admitted making the phone calls and sending the letters. He also admitted he made the statements in the phone call and he was aware of the criminal protective order against him and in favor of the victim.

The second amended information charged defendant with stalking (count 1) and alleged that: there was an existing restraining order in place; defendant engaged in violent conduct; he had a prior domestic violence felony conviction; he had served a prior term in county jail or prison; and his performance on probation, under supervision, or on parole, was unsatisfactory. (Penal Code, §§ 646.9, subds. (a), (b), & (c)(2), 1170, subd.

(b);[1] Cal. Rules of Court, rule 4.421(b)(1), (3), & (5).) The information further charged defendant with criminal threats (count 2) and realleged his violent conduct, his prior domestic violence felony conviction, and his poor performance on supervised release. (§§ 422, subd. (a), 1170, subd. (b); Cal. Rules of Court, rule 4.421(b)(1), (3), & (5).) The information further charged defendant with contempt of court (count 3) for violating a protective order and realleged the violent conduct, prior term, and poor performance allegations noted above. (§§ 166, subd. (c)(4), 1170, subd. (b); Cal. Rules of Court, rule 4.421(b)(1), (3), & (5).)

Prior to defendant's acceptance of the plea, the parties briefed the court on whether any sentence based on that plea would be subordinate to the term defendant was currently serving or a consecutive term under section 1170.1, subdivisions (a) and (c). The trial court decided it would be a consecutive term. The prosecutor offered a stipulated term of two years if defendant pleaded to the stalking charge and admitted the enhancement under section 646.9, subdivisions (a) and (c)(2).

Defendant pleaded no contest to stalking and admitted he had a prior felony stalking conviction. (§ 646.9, subds. (a) & (c)(2).) The prosecution moved to dismiss the remaining count. Pursuant to the plea agreement, the court sentenced defendant to two years in state prison consecutive to the term he was then serving. The court also imposed a $40 court operations fee (§ 1465.8), a $30 criminal conviction fee (Gov. Code, § 70373), and a restitution fine of $300 (§ 1202.4, subd. (b)), with a matching, stayed probation revocation restitution fine (§ 1202.44).

Defendant timely appealed; the case was fully briefed on July 7, 2022, and assigned to this panel shortly thereafter.

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We note a clerical error in the abstract of judgment. Defendant pleaded no contest to stalking and admitted he had a prior conviction for stalking as defined under section 646.9, subdivisions (a) and (c)(2), but the abstract of judgment reflects only section 646.9, subdivision (a). We will order the abstract of judgment corrected to add the omitted subdivision.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment adding subdivision (c)(2) to section 646.9 in the description of defendant's conviction in count 1 and forward a certified copy of the same to the Department of Corrections and Rehabilitation.

/s/
Duarte, J.

We concur:


/s/
Mauro, Acting P. J.


/s/
Hoch, J.

4